OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff Gordon Williams appeals a judgment of the Municipal Court of Delaware County, Ohio, which overruled his objections to the magistrate's decision and adopted it as the judgment of the court. Appellant assigns two errors to the trial court:
 {¶ 2} "The trial court errer [sic] in its decision when it found that plaintiff had not suffered any economic loss.
 {¶ 3} "The judgment is not sustained by the evidence and is against the manifest weight of the evidence."
 {¶ 4} The magistrate to whom this matter was referred ordered judgment in favor of appellee, Ted Jacobs, d.b.a. J-Computer. The magistrate recited the facts in his decision. The magistrate found the evidence established appellant delivered a non-functional notebook computer he had purchased for $25 to appellee's repair shop. The parties disagree regarding the instructions: Appellant says he specifically requested an estimate prior to the repairs while appellee did not specifically recall but testified his standard procedure was to mark such items "estimate only". The repair tag offered into evidence does not contain the phrase "estimate only", but does say "CK over". The magistrate concluded from this evidence appellant did not specifically or clearly request an estimate only.
 {¶ 5} Appellee repaired a defective floppy disc drive and reinstalled the original operating system, which had been wiped. Appellee charged $80, which represented less than his usual rate because of the age of the unit. Appellant paid the fee, accepted the notebook, and tested it. Appellant discovered the computer did not have the power he desired, so he requested a refund of his $80. Appellant testified that the computer was not worth the cost of the repairs to him, although the magistrate found the parties agreed the notebook computer is now worth $140-$150. Appellant testified he would rather have his $80 back, and give appellee the computer.
 {¶ 6} The magistrate found no evidence of intentional wrongdoing by appellee. The magistrate further found even if appellee violated an agreement to provide an estimate prior to repairs, appellant had no actual loss. The magistrate found the evidence showed appellant started with a $25 computer, and paid $80 for the repair. The value of the computer after repairs was well beyond the money appellant had in the computer. The magistrate concluded appellant had not suffered any economic loss.
 {¶ 7} The magistrate also found the parties had not negotiated or agreed to a fee, and absent such a prior agreement, the amount due was unliquidated, subject to further negotiation. In fact, appellee testified the fee was somewhat less than his usual rate. The magistrate found appellant agreed to pay for the repairs, and accepted the benefit of the repairs. The magistrate further found appellant would have been happy to pay the repair costs had the unit possessed the features he desired. The magistrate found the only way appellant could determine whether the computer had sufficient power for his needs was to first have it repaired. Thus, the magistrate concluded appellant took the risk of incurring the repairs in order to determine the value of the computer.
 {¶ 8} The magistrate found appellant sincerely believed he requested an estimate only, and appellee would have provided the estimate had he understood the instructions. The magistrate concluded appellant had not met his burden of proof, because the evidence on each side was equal, and suggested a mutual mistake of fact. Thereafter, appellant objected to the magistrate's decision, setting forth generally he objected to the findings of fact and conclusions of law in the magistrate's decision. The memorandum in support filed with the court is more definite, and cites to a video transcript of the trial.
 {¶ 9} The court's judgment entry of May 9, 2003 recites it has reviewed the decision of the magistrate and the video tape transcript. The court found appellant willingly paid for the repairs, and only complained at a later date when the computer did not function as he wanted. The trial court also found appellee made no guarantee the repaired computer would function for any particular purpose for which appellant wished to use it. The court found appellee was entitled to the repair fee.
 I {¶ 10} In his first assignment, appellant argues the trial court was incorrect in finding he had not suffered any economic loss. Appellant disputes the magistrate's finding the parties agree the computer is worth $140-$150. Appellant cites us to the video tape in support of this argument.
 {¶ 11} App. R. 9(A) provides if the transcript of proceedings is in the video tape medium, counsel for appellant shall type or print those portions of the transcript necessary for the court to determine the questions presented, shall certify their accuracy, and append such copy of the portions of the transcript to the brief. In State v. Ashbaugh (Dec. 20, 1991), Delaware Appellate No. CA-91-15, this court held App. R. 9 states a mandatory procedure for a video tape transcript, and failure to comply with the Rule represents failure to demonstrate the claimed error. This court cited Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, as holding the duty to provide a transcript for appellate review falls upon the appellant because the appellant bears the burden of showing error by reference to matters in the record. Knapp held when portions of the transcript necessary for resolution of the assigned errors are not in the record, a reviewing court has nothing to pass upon, and has no option but to presume the validity of the trial court's proceedings, and affirm.
 {¶ 12} The first assignment of error is overruled.
 II {¶ 13} In his second assignment of error, appellant argues the trial court's judgment is not sustained by the evidence and is against the manifest weight of the evidence. Again, absent a transcript this court cannot review issues of fact or sufficiency and manifest weight of the evidence.
 {¶ 14} The second assignment of error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.
Judgment affirmed.
Farmer and Edwards, JJ., concur.
 {¶ 16} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed. Costs to appellant.